Hon. Robert S. Lasnik
Noting Date:  August 26, 2016
Response Date:  August 22, 2016
No oral argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK HOFFMAN, on his own behalf and on behalf of other similarly situated persons,<br><br>        Plaintiff,<br><br>vs.<br><br>ONE TECHNOLOGIES, LLC<br><br>        Defendant. | Case No. 2:16-cv-01006-RSL<br><br>Judge Lasnik<br><br>DEFENDANT'S PARTIAL MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>August 26, 2016 |

## ONE TECHNOLOGIES' PARTIAL MOTION TO DISMISS

Defendant One Technologies, LLC moves to dismiss plaintiff Mark Hoffman's Consumer Electronic Mail Act for alleged "phishing" and Consumer Protection Act claims because they fail as a matter of law under Federal Rule of Civil Procedure 12(b)(6).  One Technologies also seeks to dismiss the portions of Hoffman's Consumer Electronic Mail Act claim for alleged false and misleading emails that fail as a matter of law, and to stay the remaining portions of the email claim pending resolution of issue-dispositive questions certified to the Washington State Supreme Court.

DEFENDANT'S PARTIAL MOTION TO DISMISS

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

## I.  <u>INTRODUCTION</u>

One Technologies "markets and provides credit monitoring services to consumers throughout Washington." Am. Compl. ¶ 4.  Hoffman alleges that he received deceptive and misleading emails from One Technologies or agents that advertise for One Technologies.  *Id.* ¶ 8. Hoffman contends that the false or misleading email addresses, subject lines, and content led him to believe the emails contained "important notifications" from TransUnion, Experian, and Equifax. *Id.* ¶¶ 10-14; 20.  The messages, according to Hoffman, also included links directing him to the websites "of One Technologies or its agents."  *Id.* ¶ 15.  Both the emails and the websites purportedly misled Hoffman into believing that the advertised services "were provided with authority or approval of TransUnion, Experian, and Equifax" and solicited, requested, or otherwise induced him "to provide personal identifying information through credit monitoring service subscriptions." *Id.* ¶¶ 15, 19-20.

Based on these allegations, Hoffman seeks relief for himself and a proposed class of similarly situated Washington residents.  Although he failed to identify any specific causes of action, Hoffman appears to pursue three causes of action: a phishing claim under Washington's Consumer Electronic Mail Act, or "CEMA," codified at RCW 19.190.080; a Consumer Protection Act ("CPA") claim for deceptive business practices under RCW 19.86.020; and claim for misleading emails in violation of CEMA's commercial electronic mail statute, RCW 19.190.020.

The phishing claim fails as a matter of law because Hoffman failed to plead two elements necessary to establish a phishing claim.  First, Hoffman failed to allege that One Technologies or its agents solicited, or that he supplied, any "personally identifying information" as defined by the

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

statute.  Second, Hoffman failed to allege that he suffered any injury for which the law allows him to recover.

Likewise, Hoffman's CPA claim for deceptive business practices also fails as a matter of law because he failed to plead essential elements of the claim.  Hoffman's amended complaint lacks any legally cognizable misrepresentation, injury, or causal link between any misrepresentation and injury.

Similarly, some of the legal theories upon which Hoffman relies to support his email claim fail as a matter law, and the Court should dismiss the portions of the email claim that rest on infirm legal grounds.  One Technologies believes the Court should also dismiss the remainder of Hoffman's email claim, but recognizes that this Court previously certified questions to the Washington Supreme Court, the answers to which could determine not only how the email claim would proceed but also the very viability of the claim itself.  Therefore, the Court should stay the remainder of Hoffman's CEMA email claim pending resolution of the issue-dispositive questions by the Washington Supreme Court.

## II.  ARGUMENT

Dismissal for failure to state a claim upon which relief can be granted is appropriate under Federal Rule of Civil Procedure 12(b)(6) when there is an "absence of sufficient facts alleged under a cognizable legal theory."  *In re Sony PS3 Other OS Litig.*, 828 F. Supp. 2d 1125, 1128 (N.D. Cal. 2011); *see also Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116 (9th Cir. 2008).  In deciding whether to dismiss a claim, courts: (1) construe the claim in the light most favorable to the claimant; (2) accept all well-pleaded facts as true; and (3) determine whether the claimant can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins.*

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 3 of 18

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

*Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, the court need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Nor does the court need to accept as true conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### A.    PLAINTIFF'S PHISHING CLAIM FAILS AS A MATTER OF LAW

#### 1.    Hoffman Failed to Allege Solicitation of Personally Identifying Information

Under CEMA, "[i]t is a violation … to solicit, request, or take any action to induce a person to provide personally identifying information by means of a web page, electronic mail message, or otherwise using the internet by representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person."  RCW 19.190.080.  The term "personally identifying information" is statutorily limited to an individual's "(a) [s]ocial security number; (b) driver's license number; (c) bank account number; (d) credit or debit card number; (e) personal identification number; (f) automated or electronic signature; (g) unique biometric data; (h) account passwords; or (i) any other piece of information that can be used to access an individual's financial accounts or to obtain goods or services."  RCW 19.190.010(12).

Hoffman has not alleged that One Technologies or anyone else solicited any personally identifying information.  Instead, Hoffman parrots the statutory language, stating in conclusory terms that he was "induced by One Technologies or its agents to provide personally identifying information."  Am. Compl. ¶ 9.  But, Hoffman failed to identify any specific information, "personally identifying" or otherwise, that he, or anyone else, provided in response to any email or website.  Consequently, Hoffman's phishing claim amounts to nothing more than mere "labels

**STERNBERG THOMSON OKRENT & SCHER, PLLC**
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

and conclusions, and a formulaic recitation of the elements of a cause of action" that cannot withstand a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*, *In re Sony PS3 Other OS Litig.*, 828 F. Supp. 2d at 1128 ("legal conclusions are not accepted as true and [t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal citations omitted)).

To be sure, One Technologies never solicited or requested Hoffman's personally identifying information. The landing page for One Technologies' flagship website www.freescore360.com, attached hereto as Exhibit 1, does not solicit or collect any information meeting the statutory definition of "personally identifying information" until after the visitor first provides his or her (1) first name; (2) last name; (3) email address; and (4) zip code. Yet Hoffman does not allege that he – or anyone else for that matter – provided even this initial information. Absent facts alleging the initial information was provided, it is impossible to infer that personally identifying information was either solicited or provided. The website is attached hereto as Exhibit 1 for the Court's consideration. The Court may consider Exhibit 1 without converting this motion into one for summary judgment because Hoffman relies on the webpage in his complaint and cannot dispute its authenticity. Am. Compl. ¶¶ 9, 15, 18-20; 23(i)-(j), (q); *Parrino v. FHP*, 146 F.3d 699, 706 (9th Cir. 1998) ("[a]district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."); *Gordon v. Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005) (recognizing the court's ability to consider extrinsic evidence without converting a Rule 12(b)(6) motion to one for summary judgment when its authenticity is not contested and the complaint relies on it).

DEFENDANT'S PARTIAL MOTION TO DISMISS

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1

2

### 2.    Hoffman Failed to Allege Any Injury Recoverable at Law

Under CEMA, a person must suffer actual injury to sustain a phishing claim, as a "person

*who is injured* may bring a civil action . . . to seek up to five hundred dollars per violation, or

actual damages, whichever is greater." RCW 19.190.090 (emphasis added).  The phishing claim

cannot survive because Hoffman failed to allege any injury for which the law allows him to

recover.

Washington's legislature made clear that the phishing statute is intended to protect against

only injuries resulting from misappropriation of sensitive information and the defraudation of

consumers:

> The term "phishing" generally refers to a type of Internet activity that uses
> fraudulent e-mails and websites to solicit personal financial information
> from an e-mail recipient.  Typically, a user receives an e-mail that appears
> to be from a familiar business or organization, such as an Internet Service
> Provider, bank, or online retailer.  The message usually requests that the
> recipient update or validate his or her account information by clicking on a
> link embedded in the e-mail.  Once the recipient clicks on the link, the user
> is taken to a fraudulent website where the user is asked to input personal
> and confidential information.

WA F. B. Rep., 2005 Reg. Sess. H.B. 1888.  The injury, which must arise from misappropriation

of personal information, is a necessary predicate to civil recovery because the statute states that

only "a person who is injured may bring a civil action . . . to seek up to five hundred dollars per

violation, or actual damages, whichever is greater."  RCW 19.190.090.

Here, Hoffman failed to allege either that he provided personally identifying information

or that he suffered any cognizable injury as a result.  Instead, Hoffman alleges only that he received

an email that linked to the website of One Technologies, a company that Hoffman concedes is a

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 6 of 18

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1   legitimate business that provides the credit monitoring services it advertises. Am. Compl. ¶ 4.

2   These facts simply cannot constitute an injury that the statute is intended to protect.

3          Nor does the laundry list of alleged injuries support the phishing claim.  Hoffman alleges

4   the emails "injured his quiet use and enjoyment" of various computer devices and "usurped some

5   of the limited storage space" on various computer devices. Am. Compl. ¶ 23(a)-(f), (i)-(j).  But

6   courts have consistently found that such claims cannot, as a matter of law, establish injury.  For

7   example, in *Vecchio v. Amazon.com, Inc.*, the plaintiffs alleged that "Amazon's conduct violated

8   their legally protected property interests in the exclusive use of their computers and computer

9   resources and circumvented their right to control the dissemination and use of personal information

10  belonging to them . . . ."  Case No. C11-366-RSL, 2012 U.S. Dist. LEXIS 76536, *5 (W.D. Wash.

11  June 1, 2012).  The court, however, rejected the claims finding that the plaintiffs alleged no facts

12  "that would permit the Court to infer that they sustained any plausible harm to a materially valuable

13  interest in the condition, quality, or value of their computers."  *Id.* at * 27 (addressing a trespass to

14  chattels claim).

15         *Vecchio* is not alone.  In *Cousineau*, the court rejected plaintiff's purported injury: that

16  "covert tracking diminished the phone's market value." *Cousineau v. Microsoft Corp.*, 992 F.

17  Supp. 2d 1116, 1128 (W.D. Wash. 2012).  Consistent with *Vecchio* and *Cousineau*, the court in

18  *Moritz* held that temporary loss of use of computer could not, as a matter of law, support a CPA

19  claim. *Moritz v. Daniel N. Gordon, P.C.*, Case No. C11-366RSL, 2012 WL 3985823, at *16 (W.D.

20  Wash. Sept. 11, 2012).  Courts outside the Western District of Washington have also found that

21  conclusory claims of harm to computers are insufficient to allege a legally cognizable injury. *See*

DEFENDANT'S PARTIAL MOTION TO DISMISS

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

*e.g., LaCourt v. Specific Media, Inc.*, SACV 10-1256-GW(JCGx), 2011 U.S. Dist. LEXIS 50543, *10-13 (C.D. Cal. April 28, 2011).

Here, Hoffman failed to allege any deleterious effects on his devices or how phishing caused those effects.  Hoffman does not claim he could not use his devices in the manner in which they were intended, or that he expended any effort or cost to return the devices to their usual functioning capacity.  And, even if Hoffman had made these allegations, his claim for injuries would still fail because these are not injuries that the legislature intended to protect for phishing violations.

Hoffman's contention that the emails "invaded his privacy" are also legally insufficient to allege injury.  "Collection of data itself is not actionable, absent a specific statutory or constitutional right." *Goodman*, 2012 U.S. Dist. LEXIS 88496, at *20.  Hoffman has not alleged here that the collection of data violates any specific statutory or constitutional right.  In fact, ***he has not alleged that any collection of data even occurred***.

Finally, the remaining claimed injuries merely parrot that language of the statute and cannot, as a matter of law, establish a phishing injury.  For example, Hoffman alleges that "[t]he web pages to which the received emails directed Plaintiff caused him to accrue a right to recover damages provided statute [sic] (*e.g.* RCW 19.190.010, *et seq.*) that Defendant refuses to pay."  Am. Compl. ¶ 23(q); *see also* Am. Compl. ¶¶ 22; 23(h), (o), (p).  But such injuries are conclusory and cannot sustain his phishing claim either.  *See Bell Atl. Corp.*, 550 U.S. at 555 ("labels and conclusions, and a formulaic recitation of the elements of a cause of action" cannot withstand a motion to dismiss).

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

**B.      HOFFMAN'S CPA CLAIM FAILS AS A MATTER OF LAW**

It appears that Hoffman is also attempting to allege a CPA claim because One Technologies and its agents supposedly caused Hoffman and others "to believe incorrectly that the contents of the website and the emails which directed them to the websites were provided with authority or approval of TransUnion, Experian, and Equifax." Am. Compl. ¶ 19.  To sustain the CPA claim, Hoffman must establish 5 distinct elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 533.  The CPA claim cannot survive because Hoffman failed to plead all of the required five elements.

**1.      Hoffman Failed to Allege Any Actionable Misrepresentation**

Hoffman has not alleged any misrepresentation or deceptive practice.  Rather, Hoffman alleges only that One Technologies is what it purports to be – a credit monitoring service.  Am. Compl. ¶ 4.  And, credit monitoring services, by definition, involve the use of one or more of the three credit bureaus.  Moreover, One Technologies' website, www.freescore360.com, cannot reasonably be construed as deceptive in any way.  It discloses that customers can "Get Your Free Credit Scores from All 3 Bureaus" and identifies the three credit bureaus, TransUnion, Equifax, and Experian, by their logos. *Id.*  Hoffman does not – and cannot – explain how the One Technologies' statement that customers can "Get Your Free Credit Scores from All 3 Bureaus" or its use of the three logos is deceptive.  Nor does Hoffman allege that One Technologies' use of the three credit bureau logos is unauthorized or that the provision of services lacks involvement from the three credit bureaus.  In other words, Hoffman failed to allege how the identification of the three credit bureaus on One Technologies' webpage could be misleading especially given his

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 9 of 18

concession that One Technologies provides credit monitoring services. The Court should dismiss the CPA claim for these reasons alone. *Gordon v. Virtumondo*, 575 F.3d 1040, 1065 (9th Cir. 2009) ("[t]o the extent Gordon also brings independent CPA claims, they too fail" because he did not identify a misleading act "of *material* importance.") (emphasis in original).

### 2.    Hoffman Failed to Allege Injury

Hoffman also failed to allege the injury required to state a CPA claim. The CPA's intent is to "to protect the public and foster fair and honest competition." *Hangman Ridge Training Stables, Inc. v. Safeco Title Insur. Co*., 719 P.2d 531, 534 (Wash. 1986). Thus, only injuries resulting from deceiving the public through fraudulent business claims and unfair competition practices are actionable. But, Hoffman has failed to allege that he suffered any injury resulting from any alleged misrepresentation.

Injuries under the CPA must be economic injuries to business or property. RCW 19.86.090; *Ambach v. French*, 216 P.3d 405, 408 (Wash. 2009) (using the term "business or property" is intended "in the ordinary sense to denote a commercial venture or enterprise"). "The legislature's use of the phrase 'business or property' in the CPA is restrictive of other categories." *Ambach*, 216 P.3d at 408; *see also Moritz*, 2012 WL 3985823, at *16 (temporary loss of property is insufficient injury to sustain a CPA claim).

Here, Hoffman claims no damages that affected the use of his business or property. In fact, Hoffman does not claim that he provided any information to One Technologies, that he took any action on the basis of One Technologies' claimed (and true) association with the three credit bureaus, that he subscribed to any of One Technologies' services or that he purchased any of One Technologies' products. Given the absence of such allegations, it should not be a surprise that

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1    Hoffman has not and cannot allege that he incurred any expense (i.e. economic damage) resulting

2    from his reliance on any alleged misrepresentation.

3         Many of the injuries Hoffman alleges merely regurgitate the language of the statute, and

4    those alleged injuries cannot sustain his CPA claim either.  In paragraph 22, for example, Hoffman

5    alleges that "[t]he deceptive business practices and conduct of One Technologies and its agents

6    referenced in this complaint injured Hoffman and class members in their trade and property."  Am.

7    Compl. ¶ 22 (emphasis added).  Similarly, Hoffman claims "[t]he web pages which the received

8    emails directed Plaintiff injured his trade and property."  Am. Compl. ¶ 23(o).  Such conclusory

9    allegations that parrot the statute's language are insufficient to plead an injury under CPA.  *See*

10   *Bell Atl. Corp.*, 550 U.S. at 555 ("[a plaintiff's] obligation to provide the grounds of his entitlement

11   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

12   cause of action will not do." (internal quotations and citations omitted));  *see also*, *Hennighan v.*

13   *Insphere Ins. Sols., Inc.*, No. 13-cv-00638-WHO, 2013 U.S. Dist. LEXIS 125017, at *9 (N.D. Cal.

14   Aug. 29, 2013) ("The court need not 'assume the truth of legal conclusions merely because they

15   are cast in the form of factual allegations.'" (citing *W. Min. Council*, 643 F.2d at 624)); *Sponcey*

16   *v. Banner-Churchill Hosp.*, No. 3:10-cv-00478-ECR-WGC, 2012 U.S. Dist. LEXIS 91965, at *21

17   (D. Nev. June 29, 2012).

18        Hoffman's laundry list of purported injuries in Paragraph 23 of the amended complaint

19   likewise fails to adequately plead a CPA injury.  Each of the injuries identified in Paragraph 23 is

20   either not an injury to his business or property or is simply not actionable.  For example, Hoffman

21   complains of annoyance, aggravation, anxiety, and worry.  Am. Compl. ¶ 23(k)-(m).  Even if

22   Hoffman was actually annoyed or inconvenienced, non-economic injuries are not actionable under

23

24

25

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 11 of 18

the CPA. *Ambach*, 216 P.3d at 408 (CPA applies only to injuries to "a consumer whose money has been diminished") (internal quotation marks omitted); *Panag v. Farmers Ins. Co.*, 204 P.3d 885, 899 (Wash. 2009).   Moreover, Hoffman does not allege how annoyance, inconvenience, aggravation, anxiety or worry constitute injuries to his business.  Because Hoffman failed to allege both an economic injury and injury to his business the CPA claim must be dismissed.

Finally, Hoffman cannot sustain his CPA claim on allegations that the emails "usurped some of the limited storage space on" or diminished the "quiet use and enjoyment of" his devices. Am. Compl. ¶ 23(d)-(f), (j).  In *Cousineau*, the Court dismissed the CPA claim where the plaintiff alleged that the conduct diminished the value of her device and that the unauthorized transfer of data caused a diminution in users' data plans.  992 F. Supp. 2d at 1128.  The court found that the plaintiff's claims were too "nebulous" to demonstrate any drained data usage and that no factual allegations supported her conclusory assertion that the conduct diminished the value of the phone. *Id.*  Like the plaintiff's claimed injuries in *Cousineau*, the injuries Hoffman alleges are "nebulous," vague, and unsupported by any particular factual allegations.  Absent allegations of a cognizable injury, Hoffman's CPA claim cannot survive a motion to dismiss.

### 3.     Hoffman Failed to Allege Causation

To maintain a CPA claim, Hoffman must also be able to establish a causal link "between the unfair or deceptive act complained of and the injury suffered." *Hangman Ridge*, 105 Wn.2d at 785; *see also Gordon*, 575 F.3d at 1066 ("plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury") (internal quotations and citations omitted).   "The causation requirement is met where the defendant 'induced' the plaintiff to act or refrain from acting." *Robinson v. Avis Rent a Car Sys.*, 22 P.3d 818, 823 (Wash.

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

App. Ct. 2001) (finding no causal link was pled between the car rental companies' practices and the payment of a concession fee in addition to the basic rental rate for the car rental).

Even if any of Hoffman's claimed injuries were sufficient to maintain a CPA claim – and they are not – Hoffman has not attempted to allege any facts that could establish a causal link between the purported deceptive act (false association with the three credit bureaus) and any injury he claims to have suffered.  For example, Hoffman alleges that the "[e]mails received by Plaintiff caused him to lose time from his trade and compensable work."  Am. Compl. ¶ 23(g).  Such conclusory allegations do not sufficiently plead a CPA claim, and Hoffman did not provide anything more to bolster his CPA claim.  Hoffman's inability to allege that any injury resulted from reliance on One Technologies' association with the three credit bureaus warrants dismissal of the CPA claim.

### C.   HOFFMAN'S COMMERCIAL EMAIL CLAIM INCLUDES ALLEGATIONS THAT FAIL AS A MATTER OF LAW

In support of his email claim, Hoffman alleges that One Technologies or its agents varied "the subject lines, sender addresses, and contents of each email in order to defeat spam filters" and that these sender addresses "were not valid email addresses which could receive a reply email." Am. Compl. ¶¶ 13, 16.  These allegations do not state a cognizable claim under CEMA and, regardless, federal law preempts them.

Hoffman's allegation that One Technologies or its agents took steps to "defeat email spam filters" does not establish or support any legal claim.  Am. Compl. 16.  First, sending commercial email advertisements from multiple domain names for the purpose of bypassing "spam filters" is not unlawful under California's Bus. & Prof. Code, § 17529.5(a)(2), the California analog to

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

Washington's email statute.[1] *Kleffman v. Vonage Holdings Corp.*, 232 P.3d 625, 634 (2010) (a domain name cannot constitute "misrepresented header information" even when it was chosen for the purpose of bypassing spam filters).

Second, the federal CAN-SPAM Act preempts Hoffman's spam filter claims.  The CAN-SPAM Act of 2003 at 15 U.S.C. § 7707(b)(1) states that CAN-SPAM "supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto."  Thus, CAN-SPAM supersedes all state laws that expressly regulate the use of electronic mail to send commercial messages except to the extent that the state law targets "***fraud or deception***." *Gordon*, 575 F.3d at 1062 (emphasis in original).  As "sending commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters is not unlawful under" California's email statute because it does not constitute fraud or deception, CAN-SPAM also preempts the claim that domain names intended to bypass spam filters under Washington's substantially similar email statute.

Nor does the fact that Hoffman could not reply to the emails establish a CEMA violation. Here, the amended complaint lacks any suggestion that the invalid email addresses were based on fraud or deceit.  Hoffman does not allege that the email addresses misrepresented the sender or otherwise deceived him.  Rather, Hoffman claims only that "[t]he email addresses identifying the

---

[1]      The California statute proscribes sending commercial electronic mail advertisements if it "contains or is accompanied by falsified, misrepresented, or forged header information." Cal. Bus. & Prof. Code § 17529.5(a)(2). Similarly, RCW 19.190.020(a) disallows sending such spam if it "[u]ses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message."

DEFENDANT'S PARTIAL MOTION TO DISMISS

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1  emails' sender were not valid email addresses which could receive a reply email." Am. Compl.

2  ¶ 13.  This allegation does nothing more than point to a technical issue that resulted when he

3  attempted to reply to the email address, and does not involve fraud or deceit and falls under CAN-

4  SPAM's preemption clause.  Accordingly, any portion of Hoffman's email claim that rests on

5  allegations that the senders' email addresses were invalid must be dismissed.

6      **D.    THE COURT SHOULD STAY HOFFMAN'S COMMERCIAL EMAIL**
7           **CLAIM**

8          The remainder of Hoffman's email claim should be stayed until the Washington Supreme

9  Court resolves the questions that this Court previously certified.  The viability of Hoffman's email

10  claim rest on the Washington Supreme Court's resolution of those questions.

11         Courts have expressed divergent views concerning whether a violation of CEMA's

12  commercial email prohibitions satisfies all five elements a CPA claim.  While the first three

13  elements of a CPA claim are established *per se* if a plaintiff successfully states a CEMA claim, it

14  is unsettled whether a successful CEMA claim also establishes the elements of injury and

15  causation.  *See Gordon v. BAC Home Loans Services*, 2011 U.S. Dist. LEXIS 46654, *8-9 (E.D.

16  Wash. Apr. 25, 2011); *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 539.  Because of the

17  disagreement among the courts, this Court certified the issue to the Supreme Court of Washington.

18  *Gragg*, 2016 U.S. Dist. LEXIS 54959, at *4 ("Does the liquidated damages provision of CEMA,

19  RCW 19.190.040(1), establish the causation and/or injury elements of a CPA claim as a matter of

20  law or must the recipient of a text message that violations CEMA first prove injury in fact before

21  he or she can recover the liquidated damage amount?").

22         Courts have also struggled over tension between two provisions in the CEMA statute that

23  provide for a private right of action.  While RCW 19.190.040 states that damages are the greater

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 15 of 18

of five hundred dollars or actual damages, the more recent amendment to CEMA, RCW 19.190.090, limits a plaintiff's ability to pursue civil damages for violations of the phishing statute, RCW 19.190.080.   *See Agne v. Rain City Pizza, L.L.C.*, No. C10-1139-JCC, 2011 U.S. Dist. LEXIS 158321, at *8 (W.D. Wash. June 17, 2011).   Seeking a definitive resolution to the contradiction in the law, the Court also asked the Washington Supreme Court to determine whether CEMA provides a private right of action to recover damages. *Gragg*, 2016 U.S. Dist. LEXIS 54959, at *4 ("Does the recipient of a text message that violates CEMA have a private right of action for damages (as opposed to injunctive relief) directly under that statute?").

Resolution of these two questions will directly affect Hoffman's email claim.  As a result, One Technologies requests that the Court stay the litigation of the email claim until the Washington Supreme Court issues its responses to the certified questions.  The discretion to granting such a stay is within the inherent authority of this Court to manage its docket.  *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010); *United States v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008); *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227 (9th Cir. 2006).

DEFENDANT'S PARTIAL MOTION TO DISMISS

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### III.  CONCLUSION

For the reasons provided in this motion, One Technologies respectfully requests that this

dismiss the CEMA RCW 19.190.080 claim, the CPA RCW 19.86,020 claim, and particular

allegations in the CEMA RCW 19.190.020 claim, and to stay the remaining CEMA RCW

19.190.020 allegations.

Date: July 25, 2016                              Respectfully submitted,

                                 By:          /s/ Ari N. Rothman
                                       Ari N. Rothman (*pro hac vice*)
                                       Danielle E. Sunberg  (*pro hac vice*)
                                       Venable LLP
                                       575 7th St NW
                                       Washington, DC 20004
                                       Telephone: 202-344-4000
                                       Fax: 202-344-8300
                                       anrothman@venable.com
                                       desunberg@venable.com


                                       /s/ Craig S. Sternberg
                                       Craig S. Sternberg, WSBA 00521
                                       Aaron S. Okrent WSBA 18138
                                       Sternberg Thomson Okrent & Scher, PLLC
                                       520 Pike Street, Ste. 2250
                                       Seattle, WA 98101
                                       Telephone: 206-386-5438
                                       Fax: 206-374-2868
                                       craig@stolaw.com
                                       okrentlaw@msn.com


                                       *Attorneys for Defendant One Technologies, LLC*

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that on the 25th day of July, 2016, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing by email to the following:

| | |
|---|---|
| Albert H. Kirby | Kim Williams |
| Sound Justice Law Group, PLLC | Rob Williamson |
| 936 North 34th Street, Suite 300 | Williamson & Williams |
| Seattle, WA 98103 | 2239 West Viewmont Way West |
| ahkirby@soundjustice.com | Seattle, WA 98199 |
| | kim@williamslaw.com |
| | rob@williamslaw.com |

SIGNED in Seattle, Washington, this 25th day of July 2016

/s/ Craig S. Sternberg
_____
Craig S. Sternberg, WSBA No. 521

DEFENDANT'S PARTIAL MOTION TO DISMISS

Page 18 of 18

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101
206 386-5438//FAX 206 374-2868